# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF NEW YORK

————————————

№ 22-CV-3174 (RER) (LB)

————————————

## NICKIE KANE,

VERSUS

## THE STATE OF NEW YORK; NEW YORK STATE UNIFIED COURT SYSTEM; TAMARA DOE; ANTOINETTE DOE; JANE DOE; CAROLINE E. WADE; TURQUOISE HASKIN; SLOGOSKY-ORTIZ; SHAUNTEL WILSON; CHARLES A. SMALL; JAMES BLAIN; INGRID JOSEPH; SHERVEAL R. MIMES; LAWRENCE KNIPEL; STEVEN MONTESANO; JANET DIFIORE,

————————————

### MEMORANDUM & ORDER

January 4, 2024

————————————

**RAMÓN E. REYES, JR., U.S.D.J:**

Plaintiff Nickie Kane brings this action *pro se* pursuant to, *inter alia*, 42 U.S.C. §1983, alleging that defendants discriminated against her in connection with cases she filed in Kings County Supreme Court. Plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 is granted.  For the reasons discussed below, the complaint is dismissed.

## BACKGROUND

Plaintiff Nickie Kane, who states that she in transgender, brings this action against various state court judges and court clerks alleging that she was discriminated against after she filed cases in Kings County Supreme Court on or after January 10, 2020.

Compl. at 5. Plaintiff alleges that subsequent to filing her cases she had surgery that rendered her only able to communicate by email, but her emails were not responded to, so "[o]n or about December 30, 2020 Plaintiff contacted the court stating she was unable to speak." *Id.* In "October 2021, after the pandemic slowed plaintiff went to the court to inquire about her filing. She was told that her cases were marked 'abandoned.'" *Id*. Plaintiff alleges that she then "requested her filings and proceeded to continue with her cases," but "[s]taff of the exparte office repeatedly denied plaintiffs [sic] filing and forged judge's signatures and initials." *Id.* Plaintiff also describes several verbal encounters that she had with court clerks and states that she "repeatedly experienced panic attacks due to the hostility of the staff." *Id.* at 6.

Plaintiff further alleges that "Court staff repeatedly retaliated against plaintiff for her complaints. Some of Plaintiff's filings were not being submitted for judicial intervention/review. Plaintiff's filings continued to be denied by non-judicial staff who forged judge's signatures and initials." *Id.* According to Plaintiff "office staff photo copied judges signatures and continued to deny filing under the guise of the judges. When confronted staff s[t]ated this was allowed under the NY CPLR but could not site the section." *Id.*

In April 2022, Plaintiff "had to resubmit her motions," and sometime thereafter "Judge Wade and her clerk Turquois [Haskin] held an exparte motion for alternative service the Plaintiff submitted refusing to sign it until the Plaintiff appeared on camera for a video conference." *Id*. at 8. Plaintiff also states that "Judge Wade's staff was notified Plaintiff had a disability and could not attend the hearings very early in the morning. Staff still scheduled hearings in the morning and rescheduled hearings without speaking to

the Plaintiff." *Id*. Plaintiff argues that she "did not confirm her attendance for a hearing which was rescheduled. Court still held the hearing. When the plaintiff asked to have the hearing rescheduled Judge Wade refused and d[isposed] the Plaintiff's case." *Id.*

On May 4, 2022, "Plaintiff re-filed a motion which included statements that accused court staff of denying it for discriminatory and retaliatory reasons. The court refused to process the motion . . . ." *Id*. at 9. On May 19, 2022, Judge Lawrence Knipel, Administrative Judge of Kings County Supreme Court, barred "Plaintiff from filing new cases with a poor person order . . .. This order was filed across all the Plaintiff's cases some unrelated." *Id*. at 9. In the instant action, Plaintiff seeks for this Court to vacate the bar order. *Id.* at 10.

## STANDARD OF REVIEW

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678.

In reviewing a *pro se* complaint, the court must be mindful that a plaintiff's pleadings should be held "to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104–105 (1976)); *see Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (noting that even after *Twombly*, the court "remain[s] obligated to construe a *pro*

3

*se* complaint liberally"). Nevertheless, under 28 U.S.C. § 1915(e)(2)(B), a district court shall dismiss an *in forma pauperis* action where it is satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."

**DISCUSSION**

I.      Eleventh Amendment Immunity

Plaintiff's claims against New York State and the New York State Unified Court System must be dismissed. "[A]s a general rule, state governments may not be sued in federal court unless they have waived their Eleventh Amendment immunity, or unless Congress has abrogated the states' Eleventh Amendment immunity...." *Gollomp v. Spitzer*, 568 F.3d 355, 366 (2d Cir. 2009). "The immunity recognized by the Eleventh Amendment extends beyond the states themselves to state agents and state instrumentalities that are, effectively, arms of a state." *Id*. New York has not waived its Eleventh Amendment immunity to suit in federal court, and Congress did not abrogate the states' immunity in enacting 42 U.S.C. § 1983. *See Trotman v. Palisades Interstate Park Comm'n*, 557 F.2d 35, 40 (2d Cir. 1977).  *See also Gollomp*, 568 F.3d at 368 (holding that the New York State Unified Court System "is unquestionably an 'arm of the State,' and is entitled to Eleventh Amendment sovereign immunity").   Therefore, Plaintiff's claims against these defendants are dismissed. 28 U.S.C. § 1915(e)(2)(B)(iii).

II.      Anti-Injunction Act

Plaintiff's request for injunctive relief is further precluded by the Anti-Injunction Act, which provides that: "A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28

4

U.S.C. § 2283. This provision applies when the requested injunction would either stay the ongoing state proceedings or prevent the parties from enforcing an order that has already issued. *See Atlantic Coast Line R.R. Co. v. Brotherhood of Locomotive Eng'rs*, 398 U.S. 281, 294 (1970). Here, Plaintiff seeks injunctive relief seeking for this Court to vacate the order issued in state court barring her from filing. Plaintiff does not allege any plausible facts to suggest that any of the exceptions to the Anti-Injunction Act's prohibition against federal-court intervention into state-court proceedings apply. Plaintiff's request for relief is therefore barred by the express provisions of Section 2283.

III.     Immunity

Plaintiff's claims against court clerks Tamara Doe, Antoinette Doe, Jane Doe, Turquise Haskin, Tamara R. Slogosky-Ortiz, Shauntel Wilson, Charles A. Small, James Blain, Sherveal R. Mimes and Steven Montesano must also be dismissed as they have absolute immunity.  Absolute immunity extends to court clerks who perform tasks "'which are judicial in nature and an integral part of the judicial process.'" *Proctor v. Quinn*, No. 19-CV-833, 2019 WL 692935, at *2 (E.D.N.Y. Feb. 19, 2019) (quoting *Rodriguez v. Weprin*, 116 F.3d 62, 66 (2d Cir. 1997)). The court's "'inherent power to control its docket is part of its function of resolving disputes between parties' and is thus 'a function for which judges and their supporting staff are afforded absolute immunity.'" *Id*. (quoting *Rodriguez*, 116 F.3d at 66); and citing *Pikulin v. Gonzalez*, No. 07-CV-0412, 2007 WL 1063353, at *2 (E.D.N.Y. Apr. 5, 2007) (absolute judicial immunity extends to "the Clerk's Office activities of filing and docketing legal documents"); *Raghubir v. Cogan*, No. 21-CV-6705, 2022 WL 1085298, at *3 (E.D.N.Y. Apr. 11, 2022) ("Clerk's Office staff members who allegedly refused Plaintiff's submissions are also absolutely immune from [suit]"); *Lewis v.* Wolfe, No. 21-CV-6949, 2021 WL 4865317, at *2 (S.D.N.Y. Oct. 14,

2021) ("court clerks 'are absolutely immune from suit for 'functions which are administrative in nature if the task was undertaken pursuant to the explicit direction of a judicial officer or pursuant to the established practice of the court.'" (quoting *Garcia v. Hebert*, No. 08-CV-0095, 2013 WL 1294412, at *12 (D. Conn. Mar. 28, 2013)). Thus, Plaintiff's claims against these defendants are foreclosed by absolute immunity. 28 U.S.C. § 1915(e)(2)(B)(iii).

Likewise, Plaintiff's claims against Judges Caroline E. Wade, Ingrid Joseph, Lawrence Knipel and Janet DiFiore are dismissed as judges have absolute immunity for acts performed in their judicial capacities. *Mireles v. Waco*, 502 U.S. 9, 11 (1991) (upholding applicability of judicial immunity in section 1983 actions); *Burdick v. Town of Schroeppel*, 717 F. App'x 92, 93 (2d Cir. 2018) ("Judges acting in their judicial capacity are absolutely immune from suit, event where the plaintiff asserts constitutional violations under § 1983." (citing *Bliven v. Hunt*, 579 F.3d 204, 209 (2d Cir. 2009)); *Shtrauch v. Dowd*, 651 F. App'x 72, 73 (2d Cir. 2016). "[J]udicial immunity is not overcome by allegations of bad faith or malice," and a judge cannot "be deprived of immunity because the action [the judge] took was in error ... or was in excess of [the judge's] authority." *Mireles*, 502 U.S. at 11–13 (citations and internal quotation marks omitted) (second alteration in original); *Basile v. Connolly*, 513 F. App'x 92, 94 (2d Cir. 2013) (quoting same). Immunity may only be overcome where (1) the challenged acts were not taken in the judge's judicial capacity or (2) the acts, "though judicial in nature, [were] taken in the complete absence of all jurisdiction." *Mireles*, 502 U.S. at 12; *Pelczar v. Kelly*, No. 18-CV-6855, 2018 WL 6575457, at *2 (E.D.N.Y. Dec. 13, 2018), reconsideration denied, No. 18-CV-6855, 2019 WL 2304651 (E.D.N.Y. May 29, 2019). Plaintiff fails to allege any facts to suggest that the actions taken by these judges were not taken within their judicial

capacity or that any of the named judges acted in excess of their jurisdiction. Therefore, Plaintiff's claims against these defendants are dismissed. *See* 28 U.S.C. § 1915(e)(2)(B)(iii).[1]

## DENIAL OF LEAVE TO AMEND

The Second Circuit has held that leave to replead should be liberally granted to *pro se* litigants.  *See Grullon v. City of New Haven*, 720 F.3d 133, 140 (2d Cir. 2013) ("[A] pro se complaint generally should not be dismissed without granting the plaintiff leave to amend at least once. . . ."); *see also Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010). "[B]ut amendment should be denied where the complaint gives no 'indication that a valid claim might be stated.'" *McKie v. Kornegay*, No. 21-1943, 2022 WL 4241355, *3 (2d Cir. Sept. 15, 2022) (quoting *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000)). Here, the Court concludes that granting leave to amend would be futile and declines to do so.

## CONCLUSION

Accordingly, the complaint is dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B). The court declines to exercise supplemental jurisdiction. The Clerk of Court is directed to enter judgment, close this action, and mail a copy of this Order to Plaintiff.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal.  *Coppedge v. United States*, 269 U.S. 438, 444-45 (1962).

---

[1] To the extent Plaintiff is challenging any pending action in state court, her claims for injunctive relief must be dismissed pursuant to *Younger v. Harris*, 401 U.S. 37 (1971).

SO ORDERED.

Hon. Ramon E. Reyes, Jr.  Digitally signed by Hon. Ramon E. Reyes, Jr.
Date: 2024.01.04 13:49:55 -05'00'
_____
RAMÓN E. REYES, JR.
United States District Judge


Dated: January 4, 2024
        Brooklyn, New York